**Original filed 8/8/06**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL L. ROBERTS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　Defendants. | No. C 04-3861 JF (PR)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR APPOINTMENT OF COUNSEL; DENYING MOTION FOR TEMPORARY RESTRAINING ORDER; FURTHER SCHEDULING ORDER<br><br>(Docket Nos. 22, 32, 49) |

　　Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against the California Department of Corrections, Pelican Bay State Prison, and prison officials. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. On August 1, 2005, the Court issued an Order of Service of the complaint on Defendants California Department of Corrections; Officer T. Travis; Officer D. Luna; Officer B. Chaucer and Warden Joe McGrath. The Court dismissed the Defendant State Of California and dismissed with leave to amend Plaintiff's claims against Defendant "Does" 1-25, employees of the California Department of Corrections. Thereafter, Plaintiff filed an amended complaint naming eight additional Defendants and

Order Denying Plaintiff's Motions for Appointment of Counsel; Denying Motion for Temporary Restraining Order; Further Scheduling Order
P:\pro-se\sj.jf\cr.04\Roberts861misc　　　　　1

1  alleging one additional claim. On February 13, 2006, the Court ordered service of the
2  amended complaint on the additional defendants and referred this action to the Pro Se
3  Prisoner Mediation Program. Plaintiff filed two motions for appointment of counsel, a
4  motion for a temporary restraining order, and opposition to any out of court mediation.
5  Defendants filed a motion to dismiss on June 19, 2006. For the reasons set forth below,
6  the Court will DENY Plaintiff's motions (docket nos. 22, 32, 49) and issue a further
7  scheduling order on Defendants' motion to dismiss.

**DISCUSSION**

A.  <u>Motion for Appointment of Counsel</u>

Plaintiff has filed two motions for appointment of counsel. Plaintiff contends that appointment of counsel is necessary because he is unable to afford counsel, he is limited in litigating this case due to his incarceration, he has limited access to the law library, and limited knowledge of the law. Plaintiff maintains that the issues are complex and require significant research and investigation, therefore counsel is necessary to present evidence and to cross examine witnesses at trial.

There is no constitutional right to counsel in a civil case. <u>Lassiter v. Dep't of Social Services</u>, 452 U.S. 18, 25 (1981). 28 U.S.C. § 1915 confers on a district court only the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). This does not give the courts the power to make "coercive appointments of counsel." <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 310 (1989).

The court may ask counsel to represent an indigent litigant under § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims <u>pro se</u> in light of the complexity of the legal issues involved. See <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997); <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of

these factors must be viewed together before reaching a decision on a request for counsel under § 1915.  See id.   Neither the need for discovery, nor the fact that the pro se litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex.  Rand, 113 F.3d at 1525 (where plaintiff's pursuit of discovery was comprehensive and focused and his papers were generally articulate and organized, district court did not abuse discretion in denying request for counsel).  Plaintiff's claims appear to be relatively straightforward and he has aptly presented his claims so far.  Accordingly, the Court concludes that appointment of counsel is not necessary at this time.  Plaintiff's motions for appointment of counsel (docket nos. 22, 49) are DENIED without prejudice.

B.     Motion for Temporary Restraining Order

Plaintiff has filed an order to show cause for an injunction and motion for a temporary restraining order.  In his motion, Plaintiff requests that the Court order that the Defendants are prevented from releasing Plaintiff from Administrative Segregation prematurely back into the general prison population without an adjudication of the merits of the Del Norte County pending criminal case and adjudication of his Rule Violation Report ("115 ").  See Pl.'s Mot. at 1-3.

The Ninth Circuit has held that requests for injunctive relief may be based upon either of two sets of criteria.  The "traditional" test requires the movants to: (1) establish a strong likelihood of success on the merits; (2) show the possibility of irreparable injury to the plaintiff if the preliminary relief is not granted; (3) show a balance of hardships favoring the movants[1]; and (4) show that granting the injunction favors the public interest.  Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1200 (9th Cir. 1980).

---

[1] The district court cannot properly balance the hardships without taking into account the hardship, or lack of hardship, to the non-movants.  Armstrong v. Mazurek, 94 F.3d 566, 568 (9th Cir. 1996).

The "alternative" test requires that the movants demonstrate either a combination of probable success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in their favor. See Diamontiney v. Borg, 918 F.2d 793, 795 (9th Cir. 1990); Alaska v. Native Village of Venetie, 856 F.2d 1384, 1388 (9th Cir. 1988); American Motorcyclist Ass'n v. Watt, 714 F.2d 962, 965 (9th Cir. 1983).  These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases.  Diamontiney, 918 F.2d at 795.  At the very least, however, the moving party must show a fair chance of success on the merits.  Armstrong v. Mazurek, 94 F.3d 566, 567 (9th Cir. 1996).

The Court concludes that Plaintiff has not shown sufficient facts to establish that he actually faces irreparable harm at this time.  Nor has Plaintiff shown his probable success on the merits.  Accordingly, Plaintiff's motion for an injunction and temporary restraining order (docket no. 32) is DENIED without prejudice.

C.   Further Scheduling Order

The Court referred the instant action to the Pro Se Prisoner Mediation Program. Plaintiff filed an objection to any out of court mediation.  On July 5, 2006, Magistrate Judge Vadas filed a mediation report stating that the parties were unable to reach an agreement at the June 16, 2006 mediation.  On June 19, 2006, Defendants filed a motion to dismiss specific Defendants.  Plaintiff has not filed an opposition to the motion. Accordingly, the Court will grant Plaintiff an extension of time to file an opposition in the scheduling order as set forth below.

**CONCLUSION**

1.   Plaintiff's motions for appointment of counsel (docket nos. 22, 49) are DENIED without prejudice.

2.   Plaintiff's motion for an injunction and temporary restraining order (docket no. 32) is DENIED without prejudice.

3.    Plaintiff may file an opposition to Defendants' motion to dismiss (docket no. 53) with the Court and serve a copy on Defendant no later than **thirty (30) days** from the date this order is filed.

4.    Defendant <u>shall</u> file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

5.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6.    All communications by the Plaintiff with the Court must be served on Defendant's counsel by mailing a true copy of the document to Defendant's counsel.

7.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court and the parties informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 8/8/06

/s/
JEREMY FOGEL
United States District Judge

A copy of this ruling was mailed to the following:

Michael L. Roberts
P-44841
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA  95532

Jennifer J. Nygaard
CA State Attorney General's Office
455 Golden Gate Avenue
Suite 11000
San Francisco, CA  94102-7004

Order Denying Plaintiff's Motions for Appointment of Counsel; Denying Motion for Temporary Restraining Order;
Further Scheduling Order
P:\pro-se\sj.jf\cr.04\Roberts861misc                    6