\*\*Original filed 3/27/07\*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL L. ROBERTS, ) | No. C 04-3861 JF (PR) |
| ) | |
| Plaintiff, ) | ORDER GRANTING |
| ) | DEFENDANTS' MOTION TO |
| vs. ) | DISMISS; DENYING MOTION |
| ) | FOR MEDICAL |
| ) | EXAMINATION WITHOUT |
| CALIFORNIA DEPARTMENT OF ) | PREJUDICE;  FURTHER |
| CORRECTIONS, et al., ) | SCHEDULING ORDER |
| ) | |
| Defendants. ) | |
| ) | (Docket Nos. 53, 57) |

Plaintiff, a state prisoner proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 against the California Department of Corrections and Rehabilitation ("CDCR"), Pelican Bay State Prison ("PBSP"), and PBSP employees. The Court issued an Order of Service of the complaint on Defendants California Department of Corrections; Officer T. Travis; Officer D. Luna; Officer B. Chaucer and Warden Joe McGrath.  The Court thereafter dismissed the complaint as to Defendant State Of California and dismissed with leave to amend Plaintiff's claims against Defendant "Does" 1-25, employees of the California Department of Corrections.

1  Plaintiff filed an amended complaint naming eight additional Defendants and alleging one
2  additional claim.  On February 13, 2006, the Court ordered service of the amended
3  complaint on the additional Defendants and referred this action to the Pro Se Prisoner
4  Mediation Program.  On June 19, 2006, Defendants California Department of Corrections
5  and Rehabilitation ("CDCR") and Pelican Bay State Prison ("PBSP") (hereinafter
6  "Defendants") filed a motion to dismiss.  On July 5, 2006, Magistrate Judge Vadas filed a
7  mediation report stating that the parties were unable to reach an agreement at the June 16,
8  2006 mediation.  On August 8, 2006, the Court denied Plaintiff's motions for
9  appointment of counsel and motion for a temporary restraining order and issued a further
10 scheduling order on Defendants' motion to dismiss.  Plaintiff filed a motion for a medical
11 examination and opposition to the motion to dismiss.  Defendants have filed a reply.
12 Based upon the papers submitted, the Court will GRANT Defendants' motion to dismiss
13 and issue a further scheduling order set forth below.  The Court will DENY Plaintiff's
14 motion for a medical examination without prejudice.

## DISCUSSION

A.    Motion to Dismiss

Defendants move to dismiss all claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6) because they are not "persons" within the meaning of 42 U.S.C. § 1983 and thus the Eleventh Amendment bars Plaintiff's claims against them.  In his opposition, Plaintiff maintains that his request for declaratory and injunctive relief likely will require that the named Defendants make changes in policies and procedures of PBSP and the CDCR, and thus the Eleventh Amendment does not apply.  Plaintiff contends that because Defendants have responded to his complaint they should be held accountable for further relief.  Defendants have filed a reply alleging that they have not consented to suit.

The Eleventh Amendment bars from the federal courts suits against a state by its own citizens, citizens of another state or citizens or subjects of any foreign state.  See Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985).  Furthermore, neither a

Order Granting  Defendants' Motion to Dismiss; Denying Motion for Medical Examination Without Prejudice;
Further Scheduling Order
P:\pro-se\sj.jf\cr.04\Roberts861mtdmisc            2

state nor its officials acting in their official capacities are "persons" under § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). This Eleventh Amendment immunity also extends to suits against a state agency, see, e.g., Allison v. California Adult Authority, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not subject to suit); Bennett v. California, 406 F.2d 36, 39 (9th Cir.) (California Adult Authority and California Dept. of Corrections not subject to suit), cert. denied, 394 U.S. 966 (1969), and to suits for damages against state officials acting in their official capacities, see Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 97-121 (1984). Such immunity includes state law claims brought against a state in federal court under the supplemental jurisdiction statute. See Raygor v. Regents of the University of Minnesota, et al., 534 U.S. 533, 541-42 (2002). A state official may be sued for prospective injunctive relief from continuing or impending state action which violates the federal constitution or a federal statute. See Kentucky v. Graham, 472 U.S. 159, 167 n.14 (1985); Ex parte Young, 209 U.S. 123, 159-60 (1908); Armstrong v. Wilson, 124 F.3d 1019, 1026 (9th Cir. 1997).

Unless a state has waived its Eleventh Amendment immunity or Congress has overridden it, a state cannot be sued regardless of the relief sought. See Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985) (citing Alabama v. Pugh, 438 U.S. 781 (1978)); Confederated Tribes & Bands v. Locke, 176 F.3d 467, 469 (9th Cir. 1999). Consent to suit by the state "is effective 'only where stated by the most express language.'" Yakama Nation v. Washington Dept. of Revenue, 176 F.3d 1241, 1245 (9th Cir. 1999) (quoting Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 305 (1990)).

Here, Plaintiff has named Defendants CDCR and PBSP in his amended complaint. Although Plaintiff has requested injunctive and declaratory relief, neither of these Defendants are subject to the exception to Eleventh Amendment immunity applicable to prospective injunctive relief; the exception applies only to state officials with the ability to provide injunctive relief in their official capacities. See Kentucky v. Graham, 472 U.S.

1 at 167 n.14 (1985); Ex parte Young, 209 U.S. at 159-60 (1908).  The Court also agrees
2 that Defendants have not consented to suit in this action.  Defendant CDCR filed a waiver
3 of reply to Plaintiff's original complaint and did not file an answer to the amended
4 complaint; instead it filed a motion for the Court to screen Plaintiff's amended complaint.
5 See Docket No. 13 (Waiver of Reply; Demand for Jury Trial by Defs. CDCR, Travis,
6 Luna, and Chaucer) and Docket No. 24 (Motion to Screen Plaintiff's Amended Complaint
7 by Defs. CDCR, McGrath, Travis, Luna, and Chaucer).  Defendant PBSP was not served
8 with the original complaint and did not file an answer to the original complaint or the
9 amended complaint.

10       Defendants did file an agreement to participate in the Court's Pro Se Prisoner
11 Mediation Program and then attended the mediation.  However, Defendants' participation
12 was conditioned expressly on the fact that they would not waive their right to raise any
13 defenses, including an Eleventh Amendment immunity defense.  See Docket no. 48
14 (Defs. Notice of Appearance and Agreement to Attend Mediation).  Three days after the
15 mediation,  Defendants filed the instant motion to dismiss.

16       The Court concludes that Plaintiff's claims against Defendants California
17 Department of Corrections and Rehabilitation and Pelican Bay State Prison are barred by
18 the Eleventh Amendment, including the state law claims set forth in the amended
19 complaint.  Accordingly, all claims against Defendants CDCR and PBSP are dismissed
20 without further leave to amend.

21 B.     Motion for Medical Examination

22       Plaintiff has filed a motion and request for an order for a medical examination,
23 specifically an orthopedic examination of his right knee.  Plaintiff alleges that his knee
24 was dislocated and internally damaged based on the officers' . . . "excessive and
25 unnecessary" force and that the officers knew that Plaintiff had an existing knee injury.
26 Plaintiff maintains that a further medical examination would substantiate his claim when
27 considered in comparison with earlier exams showing his condition after the initial knee
28

Order Granting  Defendants' Motion to Dismiss; Denying Motion for Medical Examination Without Prejudice;
Further Scheduling Order
P:\pro-se\sj.jf\cr.04\Roberts861mtdmisc     4

1  injury in June 2003.  <u>See</u> Pl.'s Mot. at 1-2.  The Court concludes that until it is determined
2  whether the results of an examination might be relevant to the liability of one or more
3  Defendants, an orthopedic examination would be premature.  After the remaining
4  Defendants have filed a further dispositive motion, Plaintiff may renew his request if an
5  examination is relevant to the issues presented in the motion.  Accordingly, Plaintiff's
6  motion for order for medical examination (docket no. 57) is DENIED without prejudice.

## CONCLUSION

7   

8      1.    The motion to dismiss of Defendants California Department of Corrections
9  and Rehabilitation ("CDCR") and Pelican Bay State Prison ("PBSP") (docket no. 53) is
10 GRANTED, without leave to amend.  All claims against Defendants CDCR and PBSP
11 are dismissed with prejudice.

12     2.    Plaintiff's motion for an order for medical examination (docket no. 57) is
13 DENIED without prejudice.

14     3.    In order to move this case toward resolution, the Court sets the following
15 briefing schedule for further dispositive motions:

16     a.    Within **forty-five days** of the date this order is filed, Defendants shall file and
17 serve a motion for summary judgment or other dispositive motion.  If Defendants
18 are of the opinion that this case cannot be resolved by summary judgment, they
19 shall inform the Court prior to the date the motion is due.

20     b.    Plaintiff shall file an opposition to the summary judgment or other dispositive
21 motion, and shall serve a copy on Defendants' counsel, within **thirty days** of his
22 receipt of Defendants' motion.

23 Ninth Circuit law requires that the following notice be given:

24         The defendants have made a motion for summary  judgment
by which they seek to have your case dismissed.  A motion for
25 summary judgment under Rule 56 of the Federal Rules of Civil
Procedure will, if granted, end your case.
26         Rule 56 tells you what you must do in order to oppose
a motion for summary judgment.  Generally, summary
27 judgment must be granted when there is no genuine issue of
material fact--that is,  if there is no real dispute about any fact
28

Order Granting  Defendants' Motion to Dismiss; Denying Motion for Medical Examination Without Prejudice;
Further Scheduling Order
P:\pro-se\sj.jf\cr.04\Roberts861mtdmisc            5

> that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and to judgment against Plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

    c.   Defendants shall file and serve a reply brief, within **fifteen days** of receipt of Plaintiff's opposition.

    d.   The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

4.   All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel, by mailing a true copy of the document to Defendants or Defendants' counsel.

\\\

\\\

\\\

1    5.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the
2 Court and the parties informed of any change of address and must comply with the
3 Court's orders in a timely fashion. Failure to do so may result in the dismissal of this
4 action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).
5    IT IS SO ORDERED.
6 DATED: 3/27/07
7                                                JEREMY FOGEL
                                                 United States District Judge

Order Granting Defendants' Motion to Dismiss; Denying Motion for Medical Examination Without Prejudice;
Further Scheduling Order
P:\pro-se\sj.jf\cr.04\Roberts861mtdmisc            7

1  A copy of this ruling was mailed to the following:

2

3  Michael L. Roberts
   P-44841
4  Pelican Bay State Prison
   P.O. Box 7500
5  Crescent City, CA  95532

6

7  Jennifer J. Nygaard
   CA State Attorney General's Office
   455 Golden Gate Avenue
8  Suite 11000
   San Francisco, CA  94102-7004

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Granting  Defendants' Motion to Dismiss; Denying Motion for Medical Examination Without Prejudice;
Further Scheduling Order
P:\pro-se\sj.jf\cr.04\Roberts861mtdmisc              8