**NOT FOR CITATION**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL L. ROBERTS, | No. C 04-3861 JF (PR) |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |
| vs. | |
| JOE MCGRATH, et al., | |
| Defendants. | (Docket No. 66) |

Plaintiff, a state prisoner proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 against the California Department of Corrections and Rehabilitation ("CDCR"), Pelican Bay State Prison ("PBSP"), and PBSP employees. The Court ordered service of the complaint on Defendants California Department of Corrections; Officer T. Travis; Officer D. Luna; Officer B. Chaucer and Warden Joe McGrath. The Court dismissed the complaint as to Defendant State Of California and dismissed with leave to amend Plaintiff's claims against Defendant "Does" 1-25, employees of the California Department of Corrections. Plaintiff filed an amended complaint naming eight additional Defendants and alleging one additional claim. On February 13, 2006, the Court ordered service of the amended complaint on the additional Defendants and referred this action to the Pro Se Prisoner Mediation Program.

1  On June 19, 2006, Defendants California Department of Corrections and Rehabilitation
2  ("CDCR") and Pelican Bay State Prison ("PBSP") filed a motion to dismiss. On July 5, 2006,
3  Magistrate Judge Vadas filed a mediation report stating that the parties were unable to reach an
4  agreement at the June 16, 2006 mediation. On March 27, 2007, the Court granted Defendants'
5  CDCR and PBSP's motion to dismiss and issued a further scheduling order.

6  Defendants Travis, Luna, McGrath, Chaucer, Mullen, Dahlberg, Uptergrove, Terry,
7  Thomas, Beers and Deters ("Defendants") then moved to dismiss for failure to exhaust
8  administrative remedies. Plaintiff has filed opposition, and Defendants have filed a reply. Based
9  upon the papers submitted, the Court will GRANT Defendants' motion and DISMISS the
10 complaint without prejudice.

## DISCUSSION

**A.     Exhaustion**

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). Similarly, exhaustion is a prerequisite to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532.

The PLRA exhaustion requirement requires "proper exhaustion" of available administrative remedies. Woodford v. Ngo, 126 S. Ct. 2378, 2387 (2006). The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally

defective administrative grievance or appeal." Woodford, 126 S. Ct. at 2382. "The text of 42 U.S.C. § 1997e(a) strongly suggests that the PLRA uses the term 'exhausted' to mean what the term means in administrative law, where exhaustion means proper exhaustion." Id. at 2387. Therefore, the PLRA exhaustion requirement requires proper exhaustion. Id. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 2386 (footnote omitted).

The State of California provides its prisoners the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs tit. 15, § 3084.1(a). It also provides them the right to file appeals alleging misconduct by correctional staff. Id. § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the director of the California Department of Corrections and Rehabilitation. Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit 15, § 3084.5). A final decision from the director's level of review satisfies the exhaustion requirement under § 1997e(a). Id. at 1237-38.

Nonexhaustion under § 1997e(a) is an affirmative defense. Jones v. Bock, 127 S. Ct. 910, 922-23 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir 2003). It should be treated as a matter of abatement and brought in an "unenumerated Rule 12(b) motion rather than [in] a motion for summary judgment." Id. (citations omitted). In deciding a motion to dismiss for failure to exhaust administrative remedies under § 1997e(a), the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20. If the court concludes that the prisoner has not exhausted California's prison administrative process, the proper remedy is dismissal without prejudice. Id. Defendants have the burden of raising and proving the absence of exhaustion, and inmates are not required to plead or demonstrate exhaustion specifically in their complaints. Jones, 127 S. Ct. at 921-22.

1   As there can be no absence of exhaustion unless some relief remains available, a movant
2   claiming lack of exhaustion must demonstrate that pertinent relief remained available, whether at
3   unexhausted levels or through awaiting the results of the relief already granted as a result of that
4   process.  <u>Brown v. Valoff</u>, 422 F.3d 926, 936-37 (9th Cir. 2005).

5   Here, Defendants correctly raise nonexhaustion in an unenumerated motion to dismiss.
6   Defendants contend that Plaintiff's claims should be dismissed because Plaintiff did not timely
7   exhaust his administrative remedies before filing suit.  Defendants note that Plaintiff was
8   required to file an appeal within fifteen working days of the actions that he alleges occurred on
9   August 12, 2003.  Cal. Code of Regs. Tit. 15 § 3084.6(c).

10   Defendants note that Plaintiff states that his initial administrative appeal "disappeared or
11   was caused to be 'lost.'"  Amended Complaint at 2.  Plaintiff contends that his second
12   administrative appeal was subsequently "lost" without a log number assigned.  <u>Id</u>.  Plaintiff
13   states that he does not have the original appeal forms, but did attach exhibits to show that the
14   appeals process is in disarray.  Defendants point out that Plaintiff's attachments concerning his
15   appeals are not related to any of the claims in the amended complaint.  Attachment 1A is an
16   Inmate Appeal Assignment Notice for appeal log number PBSP-S-04-01275, dated May 25,
17   2004, informing Plaintiff that his appeal has been sent to staff for a first level response.  Amend.
18   Compl., Ex. 1A.  This appeal concerns the issue of case information and records.  <u>Id.</u>  Plaintiff
19   also includes an August 25, 2004 memorandum informing Plaintiff that his appeal for log
20   number PBSP-S-04-01275 was lost.  <u>Id.</u> at 2.  Plaintiff's Attachment 1B is an Inmate Appeal
21   Assignment Notice for appeal log number PBSP-S-04-01069, dated June 28, 2004, concerning
22   the issue of living conditions, and informing Plaintiff that his appeal has been sent to staff for a
23   first level response.  Amend. Compl., Ex. 1B at 1.  Plaintiff includes a memorandum dated
24   August 25, 2004, that his appeal for log number PBSP-S-04-01069 was lost.  <u>Id.</u> at 2; Defs.'
25   Mot. at 4.

26   Plaintiff also has submitted an affidavit dated September 1, 2005, which was filed with
27   the Court on September 6, 2005.  This affidavit includes two attachments regarding Plaintiff's
28   appeal in 2005.  Plaintiff alleges that his appeals for relief are being lost to keep - "certain

Order Granting  Defendants' Motion to Dismiss
P:\pro-se\sj.jf\cr.04\Roberts861mtdexh          4

matters from coming to light." Pl.'s Affidavit at 1-2. Plaintiff states that he could re-appeal, but that the attachments and exhibits would have been placed on the "original 602" appeal -that is "lost." Id. at 2. Plaintiff contends that he cannot replace lost documents. Plaintiff states "[a]nd To Re-appeal Would Be "Fruitless" Without Them. Note: Same Reviewer." Id. The attachments include an Inmate Appeal Assignment Notice for appeal log number PBSP-S-05-01628, dated July 5, 2005, concerning property issues. The second attachment is a memorandum from D.W. Bradbury, Appeals Coordinator, noting that Appeal log number PBSP-S-05-01628 had been lost or misplaced. This memo notifies Plaintiff that he has the right to re-file the appeal by submitting another CDC-602 form, using the same appeal log number. This 2005 appeal concerns Plaintiff's request to order earplugs. Decl. Of C. Wilbur In Support of Defs.' Mot. at 3, ¶ 10.

Defendants also recognize that Plaintiff filed several appeals between August 12, 2003, and September 17, 2003, but that none of these appeals made it past the screening process. Id. At 2, ¶ 7. Plaintiff filed an appeal on November 17, 2003, which was classified as a staff compliant about Defendants Travis, Chaucer and Luna. This appeal was screened out because Plaintiff did not meet the time constraints for filing an appeal. Plaintiff did not resubmit this appeal. Decl. of Wilbur at 2, ¶ 8. Defendants assert that this appeal does not satisfy the exhaustion requirement because it was untimely. Woodford, 126 S. Ct. at 2382. Additionally, none of Plaintiff's remaining 2003 appeals appear to be related to the claims in the Amended Complaint, except for an appeal regarding property that was returned to Plaintiff because it was missing documentation and it was never resubmitted. Decl. of Wilbur at 2, ¶ 7. Defendants therefore maintain that Plaintiff's complaint must be dismissed because Plaintiff's administrative appeals record, documented by the PBSP Appeal Coordinator and exhibits to Plaintiff's amended complaint, demonstrates that Plaintiff has not fully exhausted his administrative remedies through the director's level of review.

In his opposition, Plaintiff notes that Defendants Lethal Polk and D. Freeman were included in this action and have not been served with the amended complaint. Plaintiff contends that the Attorney General has failed to serve these Defendants and is in default.

Order Granting  Defendants' Motion to Dismiss
P:\pro-se\sj.jf\cr.04\Roberts861mtdexh            5

Pl.'s Opp. at 1-2.  However, it appears that these Defendants never returned an executed summons.  Counsel for the remaining defendants' is not required to serve or notify any additional defendants.  Because Plaintiff is proceeding in forma pauperis, the United States Marshals were directed to serve the amended complaint on the named Defendants based on the identifying information provided by Plaintiff.  Defendants are not in default.  Moreover, the issue of service on these two Defendants appears moot at this point, in light of Plaintiff's failure to exhaust administrative remedies.

As to the issue of exhaustion, Plaintiff maintains that he was on strip status for twelve days after the August 2003 incident and thus he could not file an administrative appeal during that time.  When he finally did receive the appeals form, he claims the appeals were "subsequently 'lost' by floor staff/officers."  Pl.'s Opp. at 2.  Plaintiff states that this is why the appeals coordinator did not have any record of them and no log number was assigned to them.  Id. at 3.  Plaintiff asserts that he was subjected to a grievance system that was defective because all staff were apprised of the incident that gave rise to the suit at issue here.  Id.  Plaintiff maintains that he tried every legal means available to him and sought relief that was unavailable.  Plaintiff alleges that the appeals system is in disarray and analogizes the prison appeals process to the current status of adequate medical care and treatment at the state prison facilities.  Id. at 5.

Plaintiff cites to White v. California, 195 Cal. App. 3d 452, 464 (1987), for the proposition that "[e]xhaustion is not required if the administrative remedies are unavailable or inadequate."  Id. at 3.  However, as Defendants point out, the claims in White were brought under the Education of the Handicapped Act (EHA).  The Court in White found that the plaintiff did not need to exhaust any administrative procedures because the EHA did not contain an administrative procedure for the plaintiff to bring his claim that his class was excluded from receiving EHA entitlements.  Id. at 464.  Here, the California Department of Corrections and Rehabilitation provides an administrative appeal process that requires Plaintiff to present his claims in order to obtain relief prior to filing suit.  White is not controlling authority, nor is it relevant to Plaintiff's claims in the instant complaint.  Additionally, Plaintiff asserts that the complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt he

can prove no set of facts in support of his claim which would entitle him to relief" citing to Cruz v. Beto, 405 U.S. 319, 322 (1972). Pl.'s Opp. at 3. Plaintiff contends that the Court should apply liberal standards of review as he is proceeding pro se. Id. at 4. However, the Court notes that Plaintiff's allegations relating to his substantive claims are not at issue in the pending motion to dismiss, and that the only issue presently before the Court is whether Plaintiff timely exhausted his administrative remedies before filing this suit. Plaintiff also states that he may file for joinder to include additional facts after the original pleading to show a continued violation. Id. at 6. However, Plaintiff does not allege, or demonstrate, that these new facts or claims have been exhausted through the administrative appeals process available to him.

The Court concludes that Plaintiff has failed to establish that he exhausted his administrative remedies regarding his claims in the amended complaint prior to filing this suit. Even accepting Plaintiff's allegations about the appeals process in general as true, Plaintiff's supporting documentation does not demonstrate that his appeal *concerning the instant claims* was lost or misplaced. Plaintiff's contention regarding the general processing of inmate appeals, that *some* are lost or misplaced, does not excuse exhaustion here. Even assuming that Plaintiff's "lost" appeal could in some way satisfy the exhaustion requirement at the informal and/or first levels of review, Plaintiff does not allege, or establish, that he exhausted all of his available remedies through the director's level of review to completely exhaust the present claims. Nor can Plaintiff avoid the exhaustion requirement under § 1997e(a) by alleging that any further attempts to appeal would be futile. The Court notes that the PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." Woodford v. Ngo, 126 S. Ct. at 2382. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 2386 (footnote omitted). Accordingly, Defendants' motion to dismiss will be GRANTED.

\\\

\\\

1  **B.**     **Supplemental Jurisdiction**

2       In his amended complaint, Plaintiff alleges state law claims of assault, battery, intentional
3  infliction of emotional distress, and negligent infliction of emotional distress.  Amend. Compl. at
4  16-17.  Defendants move for dismissal of Plaintiff's state tort claims because he did not exhaust
5  his administrative remedies before filing a claim with the Victim Compensation and Government
6  Claims Board.  Defs. Mot. at 6.  The Court's jurisdiction over Plaintiff's state law tort claims is
7  supplemental in nature.  28 U.S.C. § 1367(a).  A district court may decline to exercise
8  supplemental jurisdiction where " the district court has dismissed all claims over which it has
9  original jurisdiction." 28 U.S.C. § 1367(c)(3).  Here, Plaintiff's federal claims have been
10 dismissed.  Pursuant to § 1367(c)(3), the Court declines to exercise supplemental jurisdiction
11 over Plaintiff's state law claims.  See Ove v. Gwinn, 264 F.3d 817, 826 (9th Cir. 2001) (court
12 may decline to exercise supplemental jurisdiction over related state-law claims under
13 §1367(c)(3) once it has dismissed all claims over which it had original jurisdiction); see also
14 Acri v. Varian Associates, Inc., 114 F.3d 999, 1000 (9th Cir. 1997) (although discretionary,
15 claims under state law should be dismissed when associated federal claims are dismissed before
16 trial).  The dismissal is without prejudice; Plaintiff may proceed with his state law claims in state
17 court.

18                                              **CONCLUSION**

19      Defendants' motion to dismiss the complaint for Plaintiff's failure to exhaust
20 administrative remedies (docket no. 66) is GRANTED.  Pursuant to § 1367(c)(3), the Court
21 declines to exercise supplemental jurisdiction over Plaintiff's state law claims.  The amended
22 complaint is DISMISSED without prejudice.  The Clerk shall enter judgment and close the file.

23

24      IT IS SO ORDERED.
25 DATED:  3/25/08
                                                 JEREMY FOGEL
26                                               United States District Judge

27

28